## BETHLEHEM'S PETITION.

The construction and near completion of a railroad are a change of circumstances proper to be reported by the road commissioners, as a reason for discontinuing a highway not opened for travel; and it is no valid exception to the decree of the Court of Common Pleas, discontinuing such highway accordingly, that they rejected evidence that the board of road commissioners who laid the road, regarded the laying out and construction of the railroad as an event certain to happen in a few years.

PETITION of the town of Bethlehem, for leave to discontinue a highway which was laid out in 1846 by the road commissioners, and never opened for travel, or made.

The present road commissioners, to whom this petition had been referred, discontinued the same, and assigned as a change in circumstances, rendering it proper to discontinue the said highway, the construction and near completion of the railroad from White River to Wells River in Vermont. The original petitioners proposed to show that, although said railroad had not been commenced or laid out when the highway was laid out, yet it was then by all parties regarded as an event quite certain to happen within a few years, and was so considered by the road commissioners.

But the court were of opinion that the report of the road commissioners in this case should be accepted; and the defendants excepted. And it was ordered that the questions arising in the foregoing case be reserved and assigned to the determination of the Superior Court.

*E. Carleton*, for the original petitioners.

GILCHRIST, C. J. By the Revised Statutes, ch. 54, it is provided that any town may discontinue any highway within its limits, except in certain cases. One of these is where such road was not laid out by the selectmen; in which case no vote of discontinuance shall be effectual

without the consent of the Court of Common Pleas. This is in effect the same law which, with slight alterations, has been in force since 1786.

By the 4th section of the 50th chapter of the same statute, "of the powers of the Court of Common Pleas in relation to the laying out of highways," it is provided, that, "if no sufficient objection shall be made, all petitions relating to roads shall be referred to the road commissioners of the county," except in cases there specified. This section and the one following are a reënactment of the substance of the third and fourth sections of the act of June 20, 1840, by which the office of the road commissioners was constituted, and their general powers and duties indicated; and is, therefore, not to be limited to the petitions embraced in the title of the chapter, and specified in the first section. It was accordingly held, in *Hopkinton* v. *Smith*, 15 N. H. 152, to comprehend such petitions as might arise under the 54th chapter. This construction derives confirmation from the 4th section of the 51st chapter, which requires the road commissioners to "report to the court in each county in which any highway laid out, altered or discontinued by them, shall pass."

Upon the petition in the present case, therefore, the course of the Court of Common Pleas was, if no sufficient objection appeared, to refer the matter to the road commissioners, and, upon the return of their report, to grant or withhold the consent prayed for in the petition, as they should be advised. This is precisely what has been done. The prayer for the discontinuance has been granted in conformity with the report of the committee, and this court have no power to inquire upon what arguments either the committee or the court have proceeded, provided their proceedings have been regular.

The objection which has been taken refers to the 83d of the rules of court, which requires, that "in applications for discontinuance of highways which have not been

constructed and opened for public travel, the commission shall ·contain instructions to the commissioners to inquire and report to the court whether any change of circumstances, in any matter affecting the expediency of laying said highway, has occurred since the same was laid out, so , that the same is no longer necessary, and should be discontinued by reason of such change of circumstances; and if so, to report the nature of the change, with the particular circumstances, and how they affect the case." It does not appear but this rule has been in every respect followed by the commissioners; but it is said that "the construction and near completion of the railroad from White River to Wells River, in Vermont," is, as compared with the expectation entertained at the time the road in Bethlehem was laid, that such a railroad would be built within a few years, though not then laid out, no change of circumstances within the meaning of the rule.

But we are unable to come to such a conclusion. The manner and degree in which the state of facts existing when the road was laid out, affected the minds of the commissioners who laid it, do not form a proper subject for our inquiry. While they expected the construction of the railroad as an event not distant, they might have expected many other things which do not appear in the case; and it is by no means certain how far it was their duty to regard these expectations, or any of them, (which, however strong, might not have been founded in anything but mere rumor) as a reason for refusing to lay out a road which, in the actual condition of things, was demanded by the public good.

We are authorized to assume that the road commissioners, in indicating the construction of the railroad as a change of circumstances affecting the expediency of laying out the road, and as a reason for discontinuing it, reported, also, how the change affected the case; and that they did this in a manner intelligible to the Court of Common

Pleas; and that the court became satisfied that the change denoted did affect the case in the manner described in the report.

How far the expectations of the first board influenced their conduct, or ought to have influenced that of their successors, was a point that the parties might with propriety have made at the hearing, and which the commissioners might well have considered, and perhaps did consider, in coming to the determination to discontinue the road; but it is a matter which we are not called upon to consider. We have before us but one question, and that is whether the building of the railroad from White River to Wells River, being of itself a change of circumstances, ought to have been laid out of the case, upon the ground that such an event was expected by the commissioners who laid the highway, "as an event certain to happen in a few years." We are of the opinion that it was such a change as might properly have been considered, notwithstanding any evidence of such expectation.

*Report accepted.*